Opinion issued August 28, 2009









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00276-CV






GRIFFIN MACY, Appellant/Cross-Appellee


V.


WASTE MANAGEMENT, INC., Appellee/Cross-Appellant






On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2004-47274






OPINION CONCURRING WITH THE DENIAL 

OF EN BANC CONSIDERATION By focusing solely on the absence of the three words "final and binding,"
Justice Jennings's dissent from the denial of en banc consideration ignores the
contents of the hundreds of words that comprise the 13 page contract between Griffin
Macy and Waste Management, Inc. For this reason, as well as the fact that this case
does not meet the criteria for en banc consideration, I concur in the denial of en banc
consideration.

The Totality of the Agreement

 Only by ignoring the totality of the Agreement can Justice Jennings suggest that
the absence of the three words "final and binding" is pertinent. An examination of
the Agreement as a whole plainly provides that the Board is the entity that is to
determine cause, as long as the Board follows certain procedures. Section 5(c) of the
Agreement states,


 "The Company may terminate Employee's employment hereunder
for 'Cause' at any time[.]"


 


 "An individual will be considered to have been terminated for
Cause if the Company determines that the individual engaged in
an act constituting cause[.]"


 


 "Any determination of Cause under this Agreement shall be made
by resolution of the Company's Board of Directors adopted by the
affirmative vote of not less than a majority of the entire
membership of the Board of Directors at a meeting called and held
for the purpose and at which Employee is given an opportunity to
be heard."


 

(Emphasis added). As shown by the express words of the Agreement, "the Company
determines that the individual engaged in an act constituting cause[.]" 

 Macy argues that unless the words "final and binding" had been added to the
sentence that states, "An individual will be considered to have been terminated for
Cause if the Company determines that the individual engaged in an act constituting
cause[,]" then some other entitywithout any deference to the Company's decision
could determine whether there was Cause to terminate Macy. The problem with
Macy's interpretation is that it ignores the plain words used in the Agreement that give
Waste Management the sole power to decide whether Cause existed, as long as Waste
Management followed the procedural requirements described in the Agreement. 

 If Macy had evidence to raise an issue of fact, then he would have been entitled
to have a jury determine whether


 Waste Management made the Cause finding by a resolution of the
Company's Board of Directors, adopted by the affirmative vote of
not less than a majority of the entire membership of the Board at
a meeting called and held for that purpose at which Macy was
given the opportunity to be heard;


 


 the Company determined that Macy engaged in fraud; and 


 


 the Company found fraud by using procedures in accordance with
the Company's normal, internal investigative procedures
consistently applied in comparable circumstances. 


 

If there had been any factual issue concerning whether these procedures had been
followed, then the jury would have to decide whether Waste Management breached
the Agreement that required Waste Management to follow these procedures. Because
there was no factual issue whether Waste Management fully complied with the
Agreement, the trial court properly resolved this case by summary judgment. 

 In the panel opinion, we explain that this Agreement is similar, but not identical,
to those agreements where decisions are left to one party's sole discretion; in those
cases, the jury reviews for bad faith only, without reviewing the employer's actual
determination that the employee was not entitled to benefits. In the panel opinion, we
state,

 Because no evidence raises the issue, the trial court did not err by
declining to allow the jury to decide if the Board acted in bad faith. 
Macy cites Goudie v. HNG Oil Co., 711 S.W.2d 716, 718 (Tex. App.--El
Paso 1986, writ ref'd n.r.e.), Associated Milk Producers v. Nelson, 624
S.W.2d 920, 926 (Tex. Civ. App.--Houston [14th Dist.] 1981, writ ref'd
n.r.e.), and Texaco, Inc. v. Romine, 536 S.W.2d 253, 255 (Tex. Civ.
App.--El Paso 1976, writ ref'd n.r.e.). These decisions hold that in
situations 

 

 where there is an employer-funded plan which is made a
part of the employment contract between the employer and
the employee, and with provisions which make the
employer's determination final, that if the employer
determines that an employee is not entitled to benefits, the
only way that determination can be attacked is by showing
that there was bad faith or fraud in the employer's actions. 

 Goudie, 711 S.W.2d at 718. 


Macy v. Waste Management, Inc., No. 01-07-00276-CV, 2009 WL 1493012, at *8
(Tex. App.--Houston [1st Dist.] May 28, 2009, no pet. h.) (mem. op.). Goudie,
Associated Milk Producers, and Romine are similar to this case in that the employer,
alone, is the entity given the decision making power to decide the matter of benefits
due to an employee. See Goudie, 711 S.W.2d at 718; Associated Milk Producers, 624
S.W.2d at 926; Romine, 536 S.W.2d at 255. In these types of agreements where one
entity is alone given the power to make the decision, a jury may decide whether the
entity's decision was made in bad faith, but the jury may not review the correctness
of the actual decision. See Goudie, 711 S.W.2d at 718; Associated Milk Producers,
624 S.W.2d at 926; Romine, 536 S.W.2d at 255. Similarly to the decisions in these
cases, the panel opinion determined that, here, the jury could not review the
correctness of the actual decision, but the jury, if there was a question of fact, could
review whether Waste Management complied with all the procedural requirements
described in the Agreement. 

 Although the agreements in these decisions included the word "final," nothing
in the decisions requires the inclusion of the word "final" for the decision to be left to
the sole discretion of one party. See Goudie, 711 S.W.2d at 718; Associated Milk
Producers, 624 S.W.2d at 926; Romine, 536 S.W.2d at 255. Furthermore, the
agreements in these decisions refer to general employment contracts with an
"employer-funded plan," which is different from the arms-length Agreement between
these sophisticated parties that negotiated particular procedures to be followed when
the Company made its decision. See Goudie, 711 S.W.2d at 718; Associated Milk
Producers, 624 S.W.2d at 926; Romine, 536 S.W.2d at 255. 

 To support its accusation of "judicial fiat," the dissenting opinion fails to
accurately apply the authority on which it relies. See Fortis Benefits v. Cantu, 234
S.W.3d 642, 649 n.41 (Tex. 2007). Excluding the legal citation, note 41 in its entirety
states, 

 As a rule, a court should not by judicial fiat insert non-existent language
into statutes or into parties' agreed-to contracts, or delete existent
language from them either. Our confined duty is to construe the contract
as is, and holding that equitable considerations trump contrary contract
terms would render contractual subrogation a nullity.


Id. The dissenting opinion violates Fortis by requiring the insertion of the magic
words "final and binding"; by inserting non-existing language in the Agreement in
allowing another entity other than the Company to determine Cause; by deleting
existing language from the Agreement that gives the Company, alone, the power to
decide Cause; and by failing to construe the Agreement "as is." See id.

 If there was any evidence that showed that Waste Management had failed to
comply with the terms set forth in the Agreement, then Macy would be entitled to have
a jury decide whether Waste Management breached the Agreement. Because no
evidence shows that Waste Management failed to comply with each of the terms set
forth in the Agreement, I concur in the en banc court's decision to deny en banc
consideration of this case. 

Texas Rules of Appellate Procedure Disfavor En Banc Consideration 

 The Texas Rules of Appellate Procedure plainly state that en banc consideration
is "disfavored" and "should not be ordered" unless one of two circumstances exist:


 En banc consideration is appropriate if it is "necessary to secure or
maintain uniformity of the court's decisions." 


 


 En banc consideration is appropriate if "extraordinary
circumstances require en banc consideration." 


 

See Tex. R. App. P. 41.2(c). Unless one of these two circumstances exists, the rules
of appellate procedure require cases be decided in panels composed of three justices.
See id. Justice Jennings was not assigned as a member of the three justice panel
assigned to hear this case, nor did he participate in the panel conference, nor did he
hear the oral argument heard by the panel.

 In a footnote, Justice Jennings suggests that this case is worthy of en banc
consideration because Macy claims that the panel's opinion "reads an arbitration
provision into an agreement" and creates "a new standard pursuant to which parties
must expressly state that they are not forfeiting their right to sue." The panel opinion
does not hold that this is an arbitration case; it is plainly evident that this is not an
arbitration case as it was resolved based on the merits by summary judgment in the
trial court. The panel opinion does not hold that Macy forfeited his right to sue; it is
plainly evident this case does not concern the forfeiture of the right to sue, in that this
case was resolved based on the merits by summary judgment in the trial court. 

 The panel opinion does not create a new standard, but instead applies well-established breach of contract law. The panel opinion states, 

 "Whether a contract is ambiguous is a question of law that must be
decided by examining the contract as a whole in light of the
circumstances present when the contract was entered." David J. Sacks,
P.C. v. Haden, 266 S.W.3d 447, 451 (Tex. 2008) (quoting Columbia Gas
Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex.
1996)). . . . Our primary concern in interpreting a contract is to ascertain
and give effect to the intent of the parties as it is expressed in the
contract. Seagull Energy E & P, Inc. v. Eland Energy, Inc., 207 S.W.3d
342, 345 (Tex. 2006). The intent of the parties must be taken from the
agreement itself, not from the parties' present interpretations, and the
agreement must be enforced as it is written. See Sun Oil Co. v. Madeley,
626 S.W.2d 726, 731-32 (Tex. 1981). 


Macy, 2009 WL 1493012, at *4. This is a breach of contract dispute between
sophisticated parties who entered into an arms-length contract with terms specific to
their particular desires. Because the panel opinion applies well established law set
by the Texas Supreme Court and our Court, nothing about this case lacks uniformity
with established precedent or is legally extraordinary. Justice Jennings, therefore,
disregards the rules of appellate procedure criteria for en banc consideration.

Designation of "Opinion" Inconsistent with Rules of Appellate Procedure The panel that decided this case issued what was styled a "Memorandum
Opinion" on March 12, 2009 and again on May 28, 2009, but the designation is now
changed to "Opinion" due to Justice Jennings's vote that the case be designated an
"Opinion." See Tex. R. App. P. 47.4 ("An opinion may not be designated a
memorandum opinion if the author of a concurrence or dissent opposes that
designation."). I respectfully disagree with designating this case an "Opinion"
because this case does not meet the criteria in the rules of appellate procedure for that
designation. 

 According to Rule 47.2 of the Texas Rules of Appellate Procedure, "A majority
of the justices who participate in considering the case must determine whether the
opinion will be signed by a justice or will be per curiam and whether it will be
designated an opinion or memorandum opinion." Tex. R. App. P. 47.2(a) (emphasis
added). Here, the panel of justices who decided the case unanimously reached the
decision to designate this case a "Memorandum Opinion" on March 12, 2009 and
again on May 28, 2009. 

 The panel correctly designated this a "Memorandum Opinion." Rule 47.4 of the
Texas Rules of Appellate Procedure states,

 

 If the issues are settled, the court should write a brief memorandum
opinion no longer than necessary to advise the parties of the court's
decision and the basic reasons for it. An opinion may not be designated
a memorandum opinion if the author of a concurrence or dissent opposes
that designation. An opinion must be designated a memorandum
opinion unless it does any of the following:

 

 (a) establishes a new rule of law, alters or modifies an existing
rule, or applies an existing rule to a novel fact situation likely to recur in
future cases;

 

 (b) involves issues of constitutional law or other legal issues
important to the jurisprudence of Texas;

 

 (c) criticizes existing law; or

 

 (d) resolves an apparent conflict of authority.


See Tex. R. App. P. 47.4 (emphasis added). None of these circumstances exist here. 
Because Justice Jennings disregards the rules of appellate procedure criteria for
evaluating the case, we are compelled to designate the case as an "Opinion," even
though the panel that decided the case unanimously voted to issue the decision as a
"Memorandum Opinion" and none of the criteria in the rules of appellate procedure
for designating the case as an "Opinion" apply in this case.

Conclusion I respectfully concur with the en banc decision to deny en banc consideration
in this case because the panel opinion is legally correct and this case does not meet the
criteria for en banc consideration. Furthermore, I oppose changing the designation of
the case to "Opinion" because the case does not meet the criteria for that designation.



 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


En banc consideration was requested. See Tex. R. App. P. 41.2(c).


A majority of the Court voted to deny en banc consideration. See Tex. R. App. P.
49.7.


Justice Alcala, concurring to the denial of en banc consideration. 


Justice Jennings, dissenting from the denial of en banc consideration, joined by Justice
Keyes.